IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| JERRY HAMBY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-CV-285-WKW |
| | ) | [WO] |
| BAYLOR TRUCKING, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After he was seriously injured in a workplace accident, Plaintiff Jerry Hamby filed a "shotgun complaint" against Defendant Baylor Trucking and others. Baylor Trucking now moves to dismiss several of Hamby's claims. It also moves for a more definite statement of his complaint. (Doc. # 3.) Both motions are due to be granted.

## I. JURISDICTION AND VENUE

The court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a). The named parties are completely diverse (Doc. # 1, at 3), and the court ignores the citizenship of Defendants sued under fictitious names. *See* 28 U.S.C. § 1441(b)(1). Baylor Trucking has shown that the amount in controversy exceeds $75,000. (Doc. # 1, at 4–6.) *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). No one contests personal jurisdiction or venue.

## II. STANDARDS OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court wrote the grading rubric for that test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In part, that is because legal conclusions are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678–81; *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). The upshot is that a complaint must "include factual allegations for each essential element of [each] claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

Rule 9(b) demands even more specificity whenever a complaint alleges fraud:

A party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam).

Under Rule 12(e), a defendant "may move for a more definite statement" of a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When faced with a shotgun complaint, a defendant should move for a more definite statement under Rule 12(e). *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015).

## III. BACKGROUND

In December 2017, Jerry Hamby was loading a semi-trailer (the cargo part of an eighteen-wheeler) in Chambers County, Alabama. The trailer was not hitched to a tractor, and it had no front axle, so a metal stand supported its front end. But while Hamby was inside the trailer, the metal stand suddenly broke. The trailer's front end crashed to the ground, and the cargo inside it tumbled. As a result, Hamby was badly hurt. (Doc. # 1-1, at 2–3.)

Hamby later filed a personal injury lawsuit in Alabama state court. He named Baylor Trucking, the company that owned the trailer, as a Defendant. He also named eight fictitious Defendants: A, B, C, D, E, F, G, and X. (Doc. # 1-1, at 1–2.)[1] The

---

[1] Defendants A, B, and X allegedly designed and manufactured the trailer, and Defendants D and E allegedly warranted that the trailer was safe. (Doc. # 1-1, at 2–3, 5, 7, 13.) "As a general matter, fictitious-party pleading is not permitted in federal court," *Richardson v. Johnson*, 598 F.3d

3

complaint raises seven claims against each Defendant: negligence (Count One); liability under the Alabama Extended Manufacturer's Liability Doctrine (Count Two); strict products liability (Count Three); failure to warn (Count Four); misrepresentation, fraud, suppression, and deceit (Count Five); breach of implied warranty (Count Six); and breach of express warranty (Count Seven). (*See generally* Doc. # 1-1, at 5–13.)

Baylor Trucking properly removed the action to federal court. (Doc. # 1.) *See* 28 U.S.C. §§ 1441(a), 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). It then moved to dismiss all of Count Three and Count Five, as well as part of Count One. (Doc. # 3.) It also moved for a more definite statement of the complaint. (Doc. # 3.) Those motions are now ripe. (*See* Docs. # 10, 12.)

## IV. DISCUSSION

**A.** **<u>Several claims are due to be dismissed under Rule 12(b)(6).</u>**

Baylor Trucking moves to dismiss Hamby's claims for strict products liability (Count Three) and fraud (Count Five). It also moves to dismiss Count One to the extent that it includes a sub-claim for wantonness and willfulness. That motion is due to be granted.

### 1. *Hamby fails to state a valid claim for wantonness and willfulness.*

Hamby refers to Count One as a negligence claim. He alleges, for example,

---

734, 738 (11th Cir. 2010) (per curiam), even though state court allows it, *see* Ala. R. Civ. P. 9(h).

4

that Defendants "failed to maintain the trailer stand in a reasonably safe condition" and "should reasonably have foreseen" that he could get hurt.  (Doc. # 1-1, at 5–6.)  But Hamby goes on to assert that Defendants acted wantonly and willfully:

> The acts of the Defendants are gross, burdensome, willful, wanton, oppressive, and otherwise such as to justify the imposition of punitive damages under Alabama law.  Defendant's conduct was so egregious that it rises to the level of conscious indifference to the safety and well-being for users and operators of its trailer, and Plaintiff in particular, as defined under other applicable law.

(Doc. # 1-1, at 6.)  Baylor Trucking moves to dismiss this implicit sub-claim for wantonness and willfulness.  *See, e.g.*, *James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190, 1201 (S.D. Ala. 2015) (dismissing a wantonness claim).

Under Alabama law, "wantonness" refers to "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."  *Stone v. Southland Nat'l Ins. Corp.*, 589 So. 2d 1289, 1292 (Ala. 1991); *see* Ala. Code § 6-11-20(b)(3) (defining wantonness as conduct that is "carried on with a reckless or conscious disregard of the rights or safety of others").  Wantonness is "qualitatively different" than simple negligence; it "is not merely a higher degree of culpability than negligence."  *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (cleaned up). Wantonness is about the "state of mind with which the act or omission is done or omitted," and it implies "knowledge" or "consciousness" that injury is likely.  *Id.* (cleaned up); *see also Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1220–

21 (M.D. Ala. 2015) (discussing the definition).

Hamby does not plausibly allege that Baylor Trucking acted wantonly or willfully. He does not, for example, allege how or why Baylor Trucking knew about (or was conscious of) defects in the metal stand. His wantonness claim is no more than a "formulaic recitation" of the elements of the cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). That will not do. *See, e.g.*, *Zuanich v. Hankook Tire Am. Corp.*, No. 18-cv-159, 2018 WL 6709466, at *4 (M.D. Ala. Dec. 20, 2018) (dismissing a wantonness claim); *Smith v. Thomas*, No. 12-cv-125, 2013 WL 800697, at *7 (M.D. Ala. Mar. 4, 2013) (same). Hamby cannot simply recite a string of adjectives; he must allege enough facts to nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because he has not done so, his wantonness and willfulness claim will be dismissed.

Hamby's response is to cite three pre-*Twombly* decisions: *Conley v. Gibson*, 355 U.S. 41 (1957); *Hickman v. Taylor*, 329 U.S. 495 (1947); and *Castillo v. Norton*, 219 F.R.D. 155 (D. Ariz. 2003). He points out that Rule 8's purpose is to give "fair notice of what the . . . claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47, and that notice pleading relies heavily on discovery, *see Hickman*, 329 U.S. at 500–01. His premises are true enough. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). But to see if a complaint passes Rule 8, the court must apply *Twombly* and *Iqbal*. Those decisions "categorically retired" the

pleading standard from *Conley* and *Castillo*. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 714 (11th Cir. 2014). And if a complaint does not assert a plausible claim, it "does not unlock the doors of discovery." *Iqbal*, 556 U.S. at 678; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.") (footnote omitted).[2]

### 2. *Hamby fails to state a valid claim for strict products liability.*

Count Two of Hamby's complaint raises a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). (Doc. # 1-1, at 6.) But then in Count Three, Hamby asserts a claim for strict products liability. (Doc. # 1-1, at 8.) Because the Supreme Court of Alabama created the AEMLD as a substitute for imposing a strict products liability regime, Count Three is due to be dismissed.

In 1976, the Supreme Court of Alabama had to decide whether to impose strict products liability. It rejected no-fault liability. *See Atkins v. Am. Motors Corp.*, 335 So. 2d 134, 140 (Ala. 1976) ("We do not abandon the fault concept as has been done in some jurisdictions.") (cleaned up); *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128,

---

[2] In general, a plaintiff cannot avoid dismissal because she does not have enough facts to allege a plausible claim. Rather than excuse the insufficient pleading, the lack of facts "reinforces" the conclusion that it should be dismissed. *Franklin v. Curry*, 738 F.3d 1246, 1252 n.6 (11th Cir. 2013).

7

132 (Ala. 1976) ("We do not intend to impose a no-fault concept."). Instead, it created the AEMLD as an "accommodation of Alabama law to the doctrine of strict liability." *Wyeth, Inc. v. Weeks*, 159 So. 3d 649, 656 (Ala. 2014) (cleaned up). While the AEMLD is a "hybrid form of strict liability," *Sears, Roebuck & Co. v. Haven Hills Farm, Inc.*, 395 So. 2d 991, 994 (Ala. 1981) (per curiam), it is strict "only in the sense that the manufacturer's reasonable care in preparing the product and the user's privity with the manufacturer are not relevant," *Ex parte Chevron Chem. Co.*, 720 So. 2d 922, 927 (Ala. 1998). The doctrine as a whole remains "firmly rooted in . . . negligence." *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1217 (S.D. Ala. 1998). For example, both assumption of risk and contributory negligence are still good defenses. *Atkins*, 335 So. 2d at 143; *Casrell*, 335 So. 2d at 134; *see also Dennis v. Am. Honda Motor Co.*, 585 So. 2d 1336, 1339 (Ala. 1991).

Because the AEMLD is Alabama's response to strict products liability, some courts treat "strict liability" claims as AEMLD claims. *See Bodie v. Purdue Pharma Co.*, 236 F. App'x 511, 517 n.9 (11th Cir. 2007); *Miller v. Pfizer Inc.*, No. 13-cv-1687, 2014 WL 2155020, at *2 (N.D. Ala. May 22, 2014). And at other times, courts hold that the AEMLD subsumes strict liability claims. *See Holmes v. Behr Process Corp.*, No. 15-cv-0454, 2015 WL 4941379, at *2 (N.D. Ala. Aug. 19, 2015); *Foster v. Bridgestone Ams., Inc.*, No. 11-cv-175, 2013 WL 489162, at *2–3 (S.D. Ala. Feb. 8, 2013); *see also Batchelor v. Pfizer, Inc.*, No. 12-cv-908, 2013 WL 3873242, at *2

(M.D. Ala. July 25, 2013) (recognizing that strict liability claims should be AEMLD claims); Jenelle Mims Marsh, *Alabama Law of Damages* § 32:10, at 122 (6th ed. Supp. 2019) ("Strict liability claims are merged into [the] AEMLD.").

Baylor Trucking is therefore correct when it argues that Count Three fails to state a claim. If there is any difference between Count Two and Count Three, the switch to strict liability goes against Alabama law.[3]

### 3. *Hamby fails to state a valid claim for misrepresentation, fraud, suppression, or deceit.*

In Count Five, Hamby asserts that Defendants are liable for misrepresentation, fraud, suppression, and deceit. Allegedly, Defendants made "false and fraudulent misrepresentations to the general public," "fraudulently suppressed information," "suppressed material facts," and "deceived" people. (Doc. # 1-1, at 11.) *Cf. CNH Am., LLC v. Ligon Capital, LLC*, 160 So. 3d 1195, 1201 (Ala. 2013) (listing the four elements of a fraudulent suppression claim); *Moore v. Prudential Residential Servs. Ltd. P'ship*, 849 So. 2d 914, 923 (Ala. 2002) (listing the four elements of a fraudulent misrepresentation claim).

But under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In practice, this means a fraud claim must allege "(1) precisely what statements or omissions were made in which documents

---

[3] In its reply, Baylor Trucking suggests that Count Two should also be dismissed. (Doc. # 12, at 4.) But Baylor Trucking did not move to dismiss Count Two. (*See* Doc. # 3, at 8, 14.)

or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016); *see also Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Plus, a complaint must allege this "with respect to each defendant's participation in the fraud." *Am. Dental Ass'n*, 605 F.3d at 1291.

Count Five does not meet this standard. Hamby does not allege the details of any particular fraudulent or misleading statement; he simply makes general accusations of "fraud," "misrepresentation," and "deceit." Thus, Count Five will be dismissed. *See Corsello*, 428 F.3d at 1012, 1015.

**B.     Hamby must replead his shotgun complaint under Rule 12(e).**

Besides its failure to adequately plead some claims, there is another problem with Hamby's complaint: It is a "shotgun complaint." So Hamby must replead it.

Rule 8 demands "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun complaints break Rule 8 "by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up). Of course, there

are several ways to break that rule. In some shotgun complaints, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. In others, the complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Hamby's complaint is a shotgun pleading in both of those ways. For one, the first paragraph of each count either "incorporates herein all preceding paragraphs of this Complaint as if re-alleged in full" (Doc. # 1-1, at 5–6, 8, 10) or "incorporates by reference all other paragraphs as if fully set forth here" (Doc. # 1-1, at 11–13). That makes Count Seven "a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. For another, the complaint asserts claims against "Defendants" as a whole or against an unspecified "Defendant." (Doc. # 1-1, at 5–14.) Those general terms are "specifically intended to include the . . . fictitious defendants." (Doc. # 1-1, at 2.) Over and over again — at least three dozen times — the complaint fails to specify who did what. As a result, the complaint "is so vague and ambiguous" that Baylor Trucking cannot reasonably prepare a response to it. Fed. R. Civ. P. 12(e). Hamby must replead and do so consistent with Rule 11. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018); *Vibe*, 878 F.3d at 1295.

## V. CONCLUSION

For the reasons above, it is ORDERED that:

1. Defendant Baylor Trucking's motion to dismiss in part (Doc. # 3) is GRANTED;

2. Defendant Baylor Trucking's motion for a more definite statement (Doc. # 3) is GRANTED;

3. Plaintiff Jerry Hamby's claims for wantonness and willfulness (Count One) and misrepresentation, fraud, suppression, and deceit (Count Five) are DISMISSED without prejudice;

4. Plaintiff Jerry Hamby's claim for strict products liability (Count Three) is DISMISSED with prejudice; and

5. Plaintiff Jerry Hamby is GRANTED until **August 13, 2019**, to file an amended complaint that complies with the pleading requirements and this Order. Failure to file an amended complaint by this deadline will result in dismissal of this action.

DONE this 23rd day of July, 2019.

                                        /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE